MATTHEW KERRY (P81793)
214 S Main St. Suite 200
Ann Arbor, MI 48104
Telephone: (734) 263-1193
Facsimile: (734) 661-0765
Email: matt@kerrylawpllc.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LAYA YELANA SIMPSON, a/k/a SINN DA TRUTH, an individual resident of Michigan and SINN DA TRUTH LLC, a Michigan entity.<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN DOE a/k/a Reddit user JAYTON47, Onlyfans.com user JAYTONDABOSS47, and proprietor of the Telegram group chat Shethebaddest | Case No.: 21-10877<br><br>**COMPLAINT FOR COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION; INVASION OF PRIVACY; VIOLATION OF COMMON LAW RIGHT OF PUBLICLY; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs LAYA YELANA SIMPSON ( "Simpson") and SINN DA TRUTH LLC ("Sinn"); for their complaint for damages and injunctive relief against Defendant JOHN DOE a/k/a Reddit user JAYTON47, Onlyfans.com user JAYTONDABOSS47, and proprietor of the Telegram group chat Shethebaddest, allege as follows:

### NATURE OF CASE

1. Plaintiffs bring this lawsuit to protect their reputation and livelihood and preserve the

1

exclusivity of their common law Trademarks.

2. Plaintiffs are content creators who sell exclusive content to select subscribers on the website Onlyfans.com.

3. Onlyfans.com is an immensely popular platform with millions of users and content creators, thousands of whom are able to make income of over $1 million a year.

4. Plaintiffs have been very successful in creating primarily adult content for their select subscribers and have been able to generate a sizable income from paying patrons.

5. Plaintiff has common law Trademark rights in her persona name "Sinn Da Truth" and her brand name "Slutnation."

6. Defendant has continually "leaked" Plaintiff's content on online websites and forums such as Reddit and Telegram.

7. Despite getting issued dozens of DMCA takedown requests, Defendant has used his anonymity to create new usernames and continue to post nude images and videos of Plaintiff Simpson without her permission and has publicly threatened to continue to do so. (Exhibit A).

8. Plaintiffs' business and reputation are being ruined by the Defendant's actions and an immediate injunction is necessary.

**PARTIES**

9. Plaintiff Laya Simpson is a resident of the State of Michigan.

10. Plaintiff Sinn Da Truth LLC is a Michigan entity with a principal place of business in Monroe County.

11. Plaintiff only knows Defendant by his Onlyfans.com Username jaytondaboss47 and the Reddit username jayton47.

2

12. Onlyfans.com can identify Defendant by his internet service provider and payment information.

13. Reddit can identify Defendant by his internet service provider.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the laws of the State of Michigan. This Court has subject matter jurisdiction, *inter alia*, pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 *et seq*.

15. This Court has personal jurisdiction over Defendant according to MCL 600.705.

16. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because they involve the same parties, they arise from the same operative facts common to the causes of action arising under the federal claims, and because the exercise of pendent jurisdiction serves the interests of judicial economy, convenience and fairness to the parties.

17. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

18. Plaintiff Simpson is a content creator who produces and distributes exclusive content to her select subscribers.

19. Plaintiff Simpson operates her business under the entity of Sinn Da Truth LLC who has it's principal place of business in Monroe County, Michigan.

20. Plaintiff Simpson primarily distributes her content through the platform Onlyfans.com and charges her subscribers $50 per month for access.

21. Plaintiff Simpson has identified herself as "Sinn Da Truth" since 2010 and has branded her

content under the name "Slutnation" since 2008, and therefore Plaintiff Simpson has common law Trademark rights in the "Sinn Da Truth" and "Slutnation" marks.

22. All of Plaintiffs' content is watermarked with her "Slutnation" mark and the majority also include other references or images with the mark and her website slutnation.xxx.

23. Defendant originally gained access to Plaintiffs' content by paying for her subscription on Onlyfans.com.

24. All Onlyfans.com subscribers agree to a strict Terms of Service and are reminded on multiple occasions that all content is protected under Federal law and is not to be released or shared.

25. Onlyfans.com makes this fact further evident by not allowing users to directly save pictures and videos through conventional methods such as right clicking the content.

26. Plaintiffs' content is of an adult nature and many depict Plaintiff nude and/or performing sex acts.

27. By protecting her content behind a "paywall" which also allows her to add and remove specific users, Plaintiff Simpson had a reasonable belief that her nude images would only be seen by a select few.

28. Beginning in February, 2021, Defendant began posting Plaintiffs' exclusive content on the popular social media platform "Reddit" under the username "jayton47."

29. Upon being notified of this by another one of her subscribers, Plaintiff Simpson submitted a DMCA takedown requests which successfully, but temporarily removed the infringing content.

30. Knowing that the only way for someone to gain access to her content was through an Onlyfans.com subscription, Plaintiff Simpson reviewed her subscribers' usernames and discovered a "jaytondaboss47," and immediately refunded his subscription fee and blocked him. (Exhibit B).

4

31. Defendant was not deterred by this and if anything this simply emboldened his determination to spread Plaintiff Simpson's private content to as many people as possible.

32. Soon after being removed from Plaintiffs' Onlyfans page, Defendant posted on Reddit, "Sinn blocked me and refunded my money. I already got a second account on deck. I'm taking her shit and she ain't stopping me." (Exhibit A)

33. Defendant continued to publish after Plaintiff's nude and exclusive content on Reddit, but Plaintiff's persistent DMCA takedown notices forced him to move his infringing activity to the App "Telegram."

34. Defendant continually posted about his Telegram on his Reddit, informing followers that they could find Plaintiff's content on his Telegram.

35. Defendant's malicious conduct violates Plaintiff's constitutional and common law privacy rights and publicity rights, and exceeds all bounds of human decency. Defendants' gross and egregious intrusion into Plaintiff's privacy must be stopped, and must be punished to the maximum extent of the law.

36. Defendant's actions also violate Plaintiff's common law Trademark rights and equate to unfair competition under the Lanham Act.

37. Plaintiffs have had to cease creating content knowing that anything produced will be published by Defendant for all to see.

38. Plaintiff has devoted significant time and resource in establishing a reputation and following under her common law marks.

39. Defendants' conduct manifests a depraved disregard for Plaintiff's privacy rights and an unauthorized commercial exploitation of her publicity rights.

40. Plaintiffs are informed and believe and allege thereon that unless enjoined and restrained,

the Defendant will continue to post, publish, distribute, disseminate and exploit Plaintiff's nude and explicit content, despite Plaintiff's numerous and repeated demands that the Defendant cease and desist. Such infringement and violation of Plaintiffs' rights will continue to cause Plaintiff Simpson severe emotional distress and damage, for which there is no adequate remedy at law, if Plaintiff's nude and explicit content continue to be posted, published, distributed, disseminated and exploited by the Defendant. Such conduct and activity has caused and will continue to cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE LANHAM ACT
## FOR FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

41. Plaintiffs repeat and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 40, with the same force and effect as if set forth in detail herein again.

42. As its first ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendants' unauthorized publication and distribution of Plaintiffs' exclusive content deprive Plaintiff of her livelihood and result in lost earnings.

44. Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

45. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill.

46. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

47. Plaintiffs repeat and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 46, with the same force and effect as if set forth in detail herein again.

48. As its second ground for relief, Plaintiff alleges common law trademark infringement under Michigan law.

49. Defendants' actions constitute common law trademark infringement. Plaintiff has no adequate remedy at law for the damages caused thereby.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT
## UNDER MCL 445.903

50. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 49, with the same force and effect as if set forth in detail herein again.

51. Defendants' unauthorized use of the Plaintiff's Marks cause a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services in violation of MCL 445.903)1)(a).

52. As a result of Defendants' actions, Plaintiffs have suffered substantial damages.

## FOIRTH CLAIM FOR RELIEF
## INVASION OF PRIVACY BY INTRUSION UPON INCLUSION

53. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 52, with the same force and effect as if set forth in detail herein again.

54. Defendants' unauthorized publication of Plaintiff Simpson's nude and explicit content on public forums has grossly invaded Plaintiff's protected rights of privacy as recognized under the United States Constitution, Michigan Constitution, and the common law.

55. Defendant's actions was not carried out for reasonable or legitimate purposes and by protecting her content behind a "paywall" Plaintiff had a reasonable expectation that her content would only be seen by select subscribers.

56. Defendant's actions are highly offensive and objectionable to Plaintiff and to any reasonable person of ordinary sensibilities, and is not of legitimate public concern.

57. Defendant knew or should have known that her conduct would cause private and personal things about Plaintiff to be revealed which Defendant had no right to disseminate or disclose, and that the publication of these private facts constitute a clear and substantial violation of Plaintiff's right of privacy.

58. Defendant acted with malice and disregard to Plaintiffs' rights.

59. Unless and until enjoined and restrained by order of this Court, Defendant's continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of Plaintiffs' exclusive content.

### FIFTH CLAIM FOR RELIEF
### INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

60. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 59, with the same force and effect as if set forth in detail herein again.

61. Defendant disclosed or caused to be disclosed to third parties nude and pornographic content of Plaintiff without Plaintiff's consent.

62. Defendant knew, or should have known, that the content contained private and confidential information; that Plaintiff had a reasonable expectation of privacy in engaging in the activity depicted in content; that the content was released without Plaintiff's knowledge, consent, or approval and would reveal private and personal things about Plaintiff if disclosed to third parties which Defendant had no

8

right to disseminate or disclose; and that this publication of these private facts would be offensive and objectionable to a reasonable person of ordinary sensibilities, and would have the natural tendency of causing substantial damages to Plaintiff.

63. Defendant's actions served no legitimate public interest.

64. Unless and until enjoined and restrained by order of this Court, Defendant's continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of nude and pornographic content of Plaintiff.

65. Plaintiff has already suffered substantial damages.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF MICHIGAN'S COMMON LAW RIGHT OF PUBLICITY

66. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 65, with the same force and effect as if set forth in detail herein again.

67. Plaintiff is a content creator that has spent considerable time and resources on establishing a reputation and building a paying following of her public persona Sinn da Truth. Such efforts have created considerable commercial value in hes name, image, identity and persona.

68. Defendants' unauthorized use of Plaintiffs name, image, identity and persona in connection with the leaked Content constitutes a violation and misappropriation of Plaintiff's right of publicity in that the Defendant misappropriated Plaintiff's name, likeness, image, identity and persona by using Plaintiff's exclusive content for the purpose of commercial gain, without Plaintiff's consent.

69. Defendant's have continued to use Plaintiffs publicity rights continuing to disseminate the exclusive content, notwithstanding Plaintiffs numerous and repeated requests to defendant that they cease and desist immediately and permanently. Unless and until enjoined and

restrained by Order of this Court, the Defendant's continued acts will cause Plaintiff severe and irreparable injury which cannot be adequately compensated by monetary damages. Plaintiff is entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining the publication, distribution, dissemination and use of the Video and all portions and content therefrom, including without limitation all still images thereof, and the Narrative.

## SIXTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 69, with the same force and effect as if set forth in detail herein again.

71. At all times herein, Defendant acted intentionally and unreasonably in disseminating Plaintiff's nude and pornographic content to third parties when he knew or should have known that Plaintiff's emotional distress would likely result. The Defendant acted intentionally and unreasonably in acquiring, viewing, editing, publishing, distributing and disseminating the content, when they knew or should have known that emotional distress would likely result. Notwithstanding Plaintiff's repeated requests that Defendant cease and desist immediately from their posting and publishing of the content, the Defendant failed and refused to do so.

72. Defendant's conduct was intentional and malicious and done for the purpose of causing, or was known by Defendant to likely cause, Plaintiff humiliation, mental anguish and severe emotional distress and was done with the wanton and reckless disregard of the consequences to Plaintiff.

73. As such, in doing the acts alleged hereinabove, Defendant acted outrageously and beyond all reasonable bounds of decency, and intentionally inflicted severe emotional distress upon Plaintiff, to his detriment.

74. As a proximate result of the aforementioned wrongful conduct, Plaintiff has suffered substantial monetary damages, including damages to his personal and professional reputation and career, and substantial emotional distress, anxiety and worry.

75. Plaintiff is informed and believes and thereon alleges that Defendant acted with actual malice and reckless disregard of Plaintiff's right of privacy.

76. Unless and until enjoined and restrained by order of this Court, Defendant's continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the her content and all portions and content thereof and all copies thereof.

77. As a direct and proximate result of the aforementioned acts by Defendant, Plaintiffs have suffered substantial monetary damages, including damages to her personal and professional reputation and career, and substantial injury damage, loss, harm, anxiety, embarrassment, humiliation, shame, and severe emotional distress in an amount that has not yet been fully ascertained. As a direct and proximate result of the aforementioned acts by Defendant, Plaintiff Simpson has been damaged and will be damaged, in an amount subject to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants awarding Plaintiffs:

1. Enter a judgment declaring that Defendants' conduct constitutes unfair competition;

2. Enter a judgment declaring that Defendants' conduct constitutes a violation of MCL 445.903;

3. Enter a judgment declaring that Defendants' conduct constitutes a violation of Plaintiff's common law trademark rights;

4. Enter a judgment declaring that Defendants' conduct constitutes Intentional infliction of emotional stress;

5. Enter a judgment declaring that Defendants' conduct constitutes a violation of Michigan's Common Law right of publicity.

11

6. Enter a judgment declaring that Defendants' conduct constitutes an invasion of privacy.

7. Award Plaintiffs compensatory damages according to proof at trial but in an amount not less than $1,000,000.00;

8. Award Plaintiff punitive damages pursuant to the Lanham Act and the common law, due to Defendants' willful and wanton behavior;

9. That Defendants be ordered to pay Plaintiffs all damages sustained, reasonable costs, expenses, and attorneys' fees in prosecuting this action;

10. Enter a temporary and permanent order, enjoining Defendants from publishing, copying, or distributing pictures or videos of Plaintiff Simpson, and directing Defendant and his respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, to remove, delete, or otherwise disable such content from all devices in his possession and social media accounts in his name;

11. That the Court issue an Order at the conclusion of the present matter directing Defendants to undertake such remedial efforts as the Court deems necessary to restore Plaintiffs' reputation;

12. That Plaintiffs be awarded pre- and post-judgment interest to the maximum extent allowed by law;

13. Award Plaintiffs reasonable attorney's fees, costs and disbursements in this civil action; and

14. Enter such other and further relief to which Plaintiffs may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury of all issues so trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

This the 17th day of April, 2021

                      Respectively submitted

*Matthew Kerry*
Matthew Kerry (P81793)
Kerry Law, PLLC
Attorney for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
(734) 263-1193