**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

LAYA YELANA SIMPSON and
SINN DA TRUTH LLC,

           Plaintiffs,

v.                                        Case No. 21-10877

JAMIL JACKSON and
MONTEZ LEWIS,

           Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE OF
PROCESS AND GRANTING ADDITIONAL SIXTY DAYS
TO EFFECT PERSONAL SERVICE**

      Plaintiffs Laya Yelana Simpson and Sinn Da Truth LLC bring this action asserting claims under the Lanham Act, 15 U.S.C. § 1125(a), common law trademark infringement, the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903, intrusion upon seclusion, publication of private facts, the common law right of publicity, and intentional infliction of emotional distress. (ECF No. 13, PageID.147-52.) Plaintiffs allege that Defendants collected and improperly disseminated sexually explicit content created and sold by Plaintiffs.

      Before the court is Plaintiffs' motion requesting alternate methods of service of process or in the alternative for a ninety-day extension of time to effect personal service on Defendant Montez Lewis. (ECF No. 20.) According to Plaintiffs, Defendant Lewis has concealed his whereabouts and is evading personal service. (ECF No. 20, PageID.272.) Plaintiffs have requested the court to permit service by e-mail and publication, arguing

that such a method of process would be reasonably calculated to apprise Defendant Lewis of the present action. (*Id.*, PageID.270-73.)

The brief and supporting documents presented to the court demonstrate multiple attempts to notify Defendant Lewis of the action. (ECF No. 20-1, PageID.276-78.) Specifically, however, these efforts have consisted of a process server visiting the same two obviously vacant properties purported to have been Defendant Lewis's last known addresses. (*Id.*) Knocking on the same door of the same abandoned house on several occasions is wheel-spinning, and not designed to actually produce the desired result. As a whole, Plaintiffs' process server's activities fail to convince the court that they have exhausted all avenues reasonably designed to locate Defendant's residence or place of business. There are, similarly, no particularized facts presented—as opposed to mere assertions—tending to show that Lewis's purported email addresses have actually been used by him, and when.

The court will therefore deny Plaintiffs' request for alternate service of process.

Nevertheless, the court finds that an extension of sixty additional days to locate and serve Defendant Lewis is appropriate under the circumstances. Accordingly,

IT IS ORDERED that Plaintiffs' request for an alternate method of service of process is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff shall have an additional sixty days to serve Defendant Lewis. Plaintiffs must effect proper service of process **by May 29, 2022**.

/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 29, 2022, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\21-10877.SIMPSON.ExtendingServiceDeadline.MAZ.docx